UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| MARK SHEA, )<br>)<br>　　　Plaintiff, )<br>)    Case. No 1:13-cv-00065-jgm<br>　　　v. )<br>)<br>TOWN OF ST. JOHNSBURY, )<br>KEVIN ODDY, TOM MOORE, )<br>JEFFREY MOORE, and )<br>ALAN RUGGLES, )<br>)<br>　　　Defendants. ) | |

RULING ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
(Doc. 27)

Plaintiff Mark Shea brought this case in state court against the town of St. Johnsbury, Vermont and four of its selectmen (collectively, the "Town" or "Defendants"), seeking a review of governmental action under Vermont Rule of Civil Procedure 75 and a declaratory judgment under Vt. Stat. Ann. tit. 24, §§ 4711-4725.  (Doc. 15 at 4).  Shea also alleges a violation of 42 U.S.C. § 1983.  Id. at 6.  On April 26, 2013, the Town filed a notice of removal under 28 U.S.C. §§ 1441 and 1446 based on Shea's § 1983 claim.  (Doc. 1.)  On June 12, 2013, Shea moved for partial summary judgment on Counts I and III of his amended complaint.  (Doc. 27 at 6.)  For the following reasons, this motion is DENIED.

Federal Rule of Civil Procedure 56(a) requires a court to "grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[T]he moving party has the burden of showing that no genuine issue of material fact exists and . . . in ruling on such a motion, the district court must draw all factual inferences in favor of, and take all factual assertions in the light most favorable

to, the party opposing summary judgment." Coollick v. Hughes, 699 F.3d 211, 219 (2d Cir. 2012) (internal citation and quotation marks omitted).

Count I seeks a four-part declaratory judgment under Vt. Stat. Ann. tit. 24, §§ 4711-4725 that (1) Shea was validly appointed as town manager on March 4, 2013; (2) the March 11, 2013 vote to rescind Shea's appointment is null and void; (3) Shea can only be removed from the town manager position for cause; and (4) the March 4, 2013 vote created an enforceable obligation to provide Shea with a $65,000 salary and "standard" benefit package. (Doc. 15 at 4.) Count III alleges that because the Town has not paid Shea in violation of Vt. Stat. Ann. tit. 24, § 342, Shea is entitled to double the value of any unpaid wages along with costs and attorney's fees under Vt. Stat. Ann. tit. 24, § 347. (Doc. 15 at 5-6.)

Shea has not satisfied his burden here. Construing the factual assertions in a light most favorable to the nonmoving party, the Court finds material facts in dispute at this stage of the case – namely, whether Shea was actually appointed as town manager at the Selectboard's meeting on March 4, 2013, and if so, whether that appointment was conditional in nature. The Town interprets the events of March 4, 2013 much differently than Shea, and a reasonable jury – if it were to credit the town's interpretation of those events – could return a verdict for the Defendants. See, e.g., Fischl v. Armitage, 128 F.3d 50, 56 (2d Cir. 1997) ("If, as to the issue[s] on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.") (internal quotation marks and citation omitted). Accordingly, summary judgment for the Plaintiff is inappropriate at this time.

For the reasons set forth above, Shea's motion for partial summary judgment is DENIED. The parties shall jointly prepare and file a proposed discovery schedule/order in accordance with

Local Rule 26.1(b) by November 19, 2013 and engage immediately in any discovery concerning the issue of qualified immunity.

    SO ORDERED.

    Dated at Brattleboro, in the District of Vermont, this 5th day of November, 2013.

                                    /s/ J. Garvan Murtha
                                    Honorable J. Garvan Murtha
                                    United States District Judge