UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| MARK SHEA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:13-cv-00065-jgm |
| v. ) | |
| ) | |
| TOWN OF ST. JOHNSBURY, ) | |
| KEVIN ODDY, TOM MOORE, ) | |
| JEFFREY MOORE, and ) | |
| ALAN RUGGLES, ) | |
| ) | |
| Defendants. ) | |

RULING ON PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF AND A TEMPORARY RESTRAINING ORDER
(Docs. 10, 16)

On April 8, 2013, Mark Shea filed a renewed request for a temporary restraining order and injunctive relief in Vermont Superior Court. (Doc. 10.) Shea filed another motion for injunctive relief – this time seeking a "mandatory injunction" – in Superior Court on April 17, 2013. (Doc. 16 at 2.) On April 26, 2013, the Defendants filed a notice of removal to federal district court based on Shea's claim of a violation of 42 U.S.C. § 1983. (Doc. 1.) To the extent that these motions are still pending in this Court, Shea's April 8, 2013 motion (Doc. 10) is DENIED as moot based on the Superior Court's (Teachout, J.) prior denial of that motion the same day it was filed. See Doc. 13 (finding that "[i]rreparable harm prior to Defendant being heard has not been shown."). For the following reasons, Shea's second motion for injunctive relief (Doc. 16) is also DENIED.

A preliminary injunction is an "extraordinary remedy and should not be routinely granted." Patton v. Dole, 806 F.2d 24, 28 (1986). To prevail, the moving party must show (1) irreparable harm and (2) "either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make it a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." MONY Grp., Inc. v. Highfields Capital Mgmt., L.P., 368 F.3d 138,

143 (2d Cir. 2004) (internal quotation marks and citation omitted).  Irreparable harm is "certain and imminent harm for which a monetary award does not adequately compensate."  Wisdom Imp. Sales Co., L.L.C. v. Labatt Brewing Co., Ltd., 339 F.3d 101, 113 (2d Cir. 2003).  Furthermore, because Shea seeks a mandatory injunction, he must meet a "higher standard" by demonstrating "a clear or substantial showing of a likelihood of success on the merits."  D.D. ex rel. V.D. v. New York City Bd. of Educ., 465 F.3d 503, 510 (2d Cir. 2006).  A mandatory injunction "alter[s] the status quo by commanding some positive act."[1]  Tom Doherty Associates, Inc. v. Saban Entm't, Inc., 60 F.3d 27, 34 (2d Cir. 1995).  This heightened standard is "especially appropriate when a preliminary injunction is sought against [the] government."  Id.

Shea has shown neither irreparable harm nor demonstrated a likelihood of success on the merits – under a heightened standard or otherwise.  He makes no substantive argument in support of either requirement beyond stating he "requires a mandatory injunction compelling defendants to honor plaintiff's appointment and to permit him to fulfill his sworn duties as Town Manager, and to compensate him at the agreed upon salary of $65,000 plus a standard benefits package until and unless he is lawfully removed for cause."  (Doc. 16 at 2.)  Whether this is so is the precise issue before the Court, but Shea has failed to establish he is entitled to the "extraordinary remedy" of a mandatory injunction prior to resolution of the case on the merits.  Patton, 806 F.2d at 28.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 5th day of November, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge

---

[1] Shea concedes that the Town "appointed John Hall to plaintiff's position" as town manager on April 8, 2013. (Doc. 16 at 2.)  Thus, to grant Shea's request and reinstate him (and remove Hall) would change the status quo.