UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| MARK SHEA, )<br>)<br>　　　Plaintiff, )<br>)<br>　　　v. )<br>)<br>TOWN OF ST. JOHNSBURY, )<br>KEVIN ODDY, TOM MOORE, )<br>JEFFREY MOORE, and )<br>ALAN RUGGLES, )<br>)<br>　　　Defendants. ) | Case No. 1:13-cv-00065-jgm |

RULING ON PLAINTIFF'S MOTION TO CERTIFY QUESTIONS OF STATE LAW
TO THE VERMONT SUPREME COURT
(Doc. 54)

Plaintiff Mark Shea moves to certify two questions of state law to the Vermont Supreme Court. (Doc. 54.) Under Local Rule 74, the Court may do so if there is "an unsettled and significant question of state law that will control the outcome of a pending case." D. Vt. L. R. 74. Certification, however, is a "discretionary device." Travelers Ins. Co. v. Carpenter, 313 F.3d 97, 108 (2d Cir. 2002) (citation omitted). The first question – whether Vt. Stat. Ann. tit. 24, § 1233 deems town managers removable "at will" or "for cause" – is already before the Vermont Supreme Court, making certification unnecessary. See Nelson v. Town of St. Johnsbury Selectboard, No. 93-4-12 Cacv (Teachout, J., Sept. 16, 2013) (attached). The second question is whether "wages earned" under Vt. Stat. Ann. tit. 24, § 342 "includes a salaried employee's salary when the employee has not been permitted to report for work, but his employment has not been terminated." (Doc. 54 at 1.) The Vermont Supreme Court would likely find that addressing this question would be, at best, advisory and not dispositive of the case. Accordingly, the Court declines to certify either question.

　　　SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 5th day of November, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge